Filed 3/11/16  Greene v. True Crime CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| ANNE GREENE,<br><br>    Plaintiff, Cross-Defendant and Appellant,<br><br>v.<br><br>TRUE CRIME, LLC,<br><br>    Defendant, Cross-Complainant and Respondent. | B260333 c/w B261349<br><br>(Los Angeles County<br>Super. Ct. No. BC497183) |

APPEAL from orders of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge.  Affirmed in part, reversed in part.

Fink & Steinberg, Keith A. Fink and Olaf J. Muller, for Plaintiff, Cross-Defendant, and Appellant.

Reed Smith, Harrison J. Dossick, Zareh A. Jaltorossian, and Christine M. Neuharth, for Defendant, Cross-Complainant, and Respondent.

_____

Appellant Anne Greene appeals from an order denying her special motion to strike the cross-complaint of respondent True Crime LLC (True Crime) and an order granting True Crime's motion for attorney fees under the anti-SLAPP statute (Code Civ. Proc., § 425.16).[1] We affirm the order denying the special motion to strike and reverse the order granting attorney fees.

## FACTUAL AND PROCEDURAL SUMMARY

True Crime produced an episodic pay television series titled "Femme Fatales." Greene auditioned for a lead role in an episode titled "Jailbreak." She was offered the role, accepted, and entered into a written employment agreement with True Crime. As part of the employment agreement, Greene signed a personal release and a nudity rider. The nudity rider required Green to acknowledge that she had been advised by True Crime that her role might require her to "appear and perform in nude scenes and/or simulated lovemaking scenes."

Production of the Jailbreak episode was scheduled for three days, but a fourth day was added because filming was not completed within the three days. During production, Greene expressed that she was uncomfortable performing certain scenes. Greene quit on the third day of production and did not return for the final scene on the fourth day.

Subsequently, Greene filed a lawsuit against True Crime alleging the following causes of action: (1) violation of California Government Code section 12940 (sexual harassment); (2) intentional infliction of emotional distress; and (3) negligent hiring/supervision. Greene's complaint included the following allegations: she prepared for the script she had been given and had not been uncomfortable with scenes in that script, but on the first day of production, a rewritten script required her to perform simulated sexual intercourse and nude scenes without the proper health and safety protections; when she informed True Crime she was uncomfortable with the rewritten

---

[1]     SLAPP is an acronym for "'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.) Unless otherwise indicated, statutory references are to the Code of Civil Procedure.

scenes, she was threatened that if she did not perform the scenes, she could be sued for breach of contract; she was given pasties to wear to cover her nipples and a sticker covering her vagina but they were improperly sized and malfunctioned; she was required to perform a scene with a male actor who was bleeding from his mouth during the scene and the blood was transferred to her face and body, but when she raised this issue with production they told her to "keep going"; and on several occasions directors and other personnel made unwelcome and inappropriate sexual comments to her.

True Crime filed a cross-complaint alleging three causes of action: breach of contract; breach of implied covenant of good faith and fair dealing; and promissory estoppel. The three causes of action were premised on True Crime's allegation that Greene breached the express terms of the Nudity Rider by refusing "'to appear and perform in nude scenes and/or simulated lovemaking scenes'" and that the breach caused True Crime to incur additional expenses, including hiring a body double for Greene, additional wages for the actors and crew due to production delays, and the expense of a fourth day of shooting.

In the general allegations section of the cross-complaint, three of True Crime's allegations reference Greene's complaint. Paragraph 28 states: "Greene had no contact with True Crime until October 2012, when a letter arrived from Greene's counsel falsely accusing True Crime of forcing and coercing Greene into performing simulated sex acts on camera against her will. Two months later, more than a year after she completed her services on the Show, Greene filed this action accusing True Crime, *inter alia*, of intentional infliction of emotional distress." Paragraph 29 states: "Greene's complaint rests on a series of fabrications that easily are disproved by Greene's own admissions, the testimony of non-party eye witnesses, and other inherently credible admissible evidence." The paragraph goes on to list eight allegations Greene listed in her complaint that True Crime claims are "fictional." Paragraph 30 states: "None of the foregoing ever happened. Each such claim has been pleaded maliciously, in bad faith, and without proper foundation with the intent to harm True Crime and damage the professional reputations of its principals, employees and/or agents."

In response to True Crime's cross-complaint, Greene filed a special motion to strike and a motion to strike portions of the cross-complaint, including paragraphs 28-30. The court denied Greene's special motion to strike, finding that the claims in the cross-complaint were not based on and did not arise out of plaintiff's filing of a lawsuit against True Crime. The court granted Greene's motion to strike as to True Crime's request for attorney fees because attorney fees are not recoverable for breach of contract claims, absent an attorney fee clause. However, the court denied Greene's request to strike paragraphs 26-30 from the general allegations, finding that the allegations were pertinent to True Crime's claims and not irrelevant or improper. Greene filed a timely appeal (B260333).

Subsequently, True Crime filed for attorney fees on the grounds that "the Anti-SLAPP Motion was frivolous and/or was solely intended to cause unnecessary delay." Finding Greene's anti-SLAPP motion clearly frivolous and that Greene's sole purpose in filing the motion was to harass True Crime and cause unnecessary delay, the court granted the motion but reduced the award from the $38,985.26 requested to $15,000. Greene filed a timely appeal (B261349).

Greene's two appeals, B260333 and B261349, were ordered to be consolidated for briefing, oral argument, and decision.

## DISCUSSION

### I

Section 425.16, the anti-SLAPP statute, creates a procedure for dismissal of unmeritorious claims when the cause of action arises from an act in furtherance of a defendant's constitutional right of petition or free speech in connection with a public issue. (*Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1180.) "Anti–SLAPP motions involve a two-step process. First, the [moving] defendant must make a prima facie showing that the plaintiff's causes of action arise from actions by the defendant that were in furtherance of the defendant's right of petition or free speech in connection with a public issue. If the defendant satisfies this threshold burden, then the plaintiff must

4

establish a probability of prevailing on its claims. [Citations.]" (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 764.) We review an order denying a motion to strike under section 425.16 de novo. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3.)

Greene contends that True Crime's cross-complaint arises from the lawsuit she filed because True Crime references her complaint in multiple paragraphs of its general allegations and then incorporates those allegations into each of its causes of action.

We agree that paragraphs 28-30 in the cross-complaint allege conduct protected by the anti-SLAPP statute because they refer to her filing a complaint, which is a protected activity. (See *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [constitutional right to petition includes filing litigation].) Next, we must consider whether the three causes of action alleged by True Crime arise from this protected activity or whether the allegations are merely incidental to the causes of action. "Where, as here, a cause of action is based on both protected activity and unprotected activity, it is subject to section 425.16 "'unless the protected conduct is 'merely incidental' to the unprotected conduct.'"" (*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1551.) "[I]f the allegations of protected activity are only incidental to a cause of action based essentially on nonprotected activity, the mere mention of the protected activity does not subject the cause of action to an anti-SLAPP motion. [Citation]." (*Scott v. Metabolife Internat., Inc.* (2004) 115 Cal.App.4th 404, 414.)

True Crime incorporates the general allegations by reference into each of its three causes of action, including the three paragraphs that discuss Greene's complaint, but does not otherwise rely on any facts regarding the complaint to support its breach of contract claims. Rather, each cause of action is independently supported by facts regarding Greene's alleged breach of the Nudity Rider and Employment Agreement, activity arising before Greene filed her complaint. (See *Scott v. Metabolife Internat., Inc.*, *supra*, 115 Cal.App.4th at pp. 414-417 [defendant's advertising activity incidental to plaintiff's causes of action for personal injury, where liability for claims was based not on

5

advertising but on product's failure to conform to defendant's warranties and statements].)

Greene also argues that the cross-complaint is subject to anti-SLAPP because the general allegations allude to a veiled malicious prosecution claim. Because a malicious prosecution claim requires a termination of the initial action that was favorable to the plaintiff in the initial lawsuit (*Slaney v. Ranger Ins. Co.* (2004) 115 Cal.App.4th 306, 318) and Greene's initial action was ongoing at the time of True Crime's cross-complaint, a malicious prosecution claim would not have been viable.

Greene has failed to make a prima facie showing under the first prong of the anti-SLAPP analysis because True Crime's claims for breach of contract are not based on, and do not arise from her protected activity. Because we affirm the denial of the motion under the first prong of the statute, we do not reach the second prong.


## II

A prevailing cross-complainant is entitled to an award of attorney fees if the court finds that the anti-SLAPP motion was frivolous or solely intended to cause unnecessary delay. (§ 425.16, subds. (c), (h).) An anti-SLAPP motion is frivolous if it is "'"totally and completely without merit" (§ 128.5, subd. (b)(2)), that is, *any reasonable attorney would agree such motion is totally devoid of merit.*" [Citations.]'" (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 199.) We review an order granting attorney fees for abuse of discretion. (*Ibid.*)

The record does not support a finding that Greene's motion was totally and completely without merit or solely intended to cause delay. True Crime's cross-complaint included multiple allegations regarding Greene's filing of a complaint. Paragraphs 28, 29, and 30 in the cross-complaint, three of the paragraphs that Greene sought to strike, are solely based on activity regarding Greene's complaint and lack relevance to the causes of action for breach of contract. Greene filed a special motion to strike and in the alternative a motion to strike specific paragraphs in the general allegations. The court denied both, finding that on the one hand True Crime's causes of

6

action were not based on the allegations regarding Greene's complaint and on the other that those allegations were "pertinent to defendant's claims and . . . not irrelevant or improper." If True Crime's breach of contract causes of action are not based on Greene's filing of a complaint, then the allegations referencing the complaint cannot be relevant to the breach of contract claims.

Because True Crime affirmatively included allegations regarding Greene's complaint, even though they lacked relevance to True Crime's breach of contract claims, Greene's motion to strike was not frivolous or solely intended to delay. (See *Albanese v. Menounos* (2013) 218 Cal.App.4th 923, 937 [rejecting appellant's contentions on the merits but finding contentions were not frivolous or in excess of bounds of rational argument].)

**DISPOSITION**

The order denying the motion to strike is affirmed. The order granting attorney fees is reversed. The parties are to bear their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

7